STATE OF VERMONT

ENVIRONMENTAL COURT

```
                                }
In re: Appeal of                }
 CARMEN MURRAY, et al.     }    Docket No. 227-12-98 Vtec
                                }
```

Order of Clarification

A group of eighteen Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Brighton, upholding Appellees Thomas and Robin Maule's appeal to the ZBA of a Notice of Violation dated April 2, 1998. After the withdrawal of Appellants' attorney from their representation, the following list of Appellants: George Wilcox, Patricia Wilcox, Mary Hare, J. Hare, Carmen Murray, Pauline Biron, Clifford Biron, Deborah Ahrens, Janet Dyer, James McDermott, Helen McDermott, Edward Canine and Virginia Canine entered their appearance on their own behalf, but did not file any response to the remaining motions then pending. Appellee-Applicants are represented by Charles D. Hickey, Esq.; the Town of Brighton is represented by its Town Administrator Joel Cope, who is not an attorney.

The Court had issued a ruling on a number of pending motions on the audio tape record in March of 1999, and had ruled on Appellees' motion for reconsideration on two legal issues. All that was before the Court in the present appeal was whether or not the April 2, 1998 notice of violation should be upheld, limited by the issues stated in Appellants' Statement of Questions.

In November of 1999, the Court issued another ruling analyzing what appeared to be the then-pending motions, but without having had the opportunity to have reviewed the audio tape of the March 1999 hearing. The Court also held a telephone conference with the parties, at which Attorney Hickey, on behalf of Appellee-Applicants, stated his recollection that the matter had been resolved at the March 1999 hearing. Judge Wright agreed to review the audio tape to determine whether any issues remained for decision after the March 1999 hearing, as it had not been transcribed and none of the parties wished to order a transcript. Ms. Murray and Mr. Wilcox submitted letters and supporting

1

materials to the effect that the site work and removal of trees on the shoreline violated the permit condition which required that: "A line of trees and/or shrubbery shall be maintained on the shorefront for landscaping and to provide erosion control. However, the vegetation shall include at least three trees on the shorefront of each lot."

The Court has now had the opportunity to listen to the audio tape record of the March 1999 hearing, as has Attorney Hickey. Any of the other parties wishing to listen to the tape may make an appointment to do so by calling the Environmental Court and arranging for Judge Wright to bring the tape to Guildhall at her next appearance there (now scheduled for April 10 and 11, 2000).

For an issue to be before this Court in a de novo appeal, it must both be within the scope of the decision appealed to the Court, and be raised as an issue in an appellant's statement of questions. In the present case, the Notice of Violation appealed from specified that the violation was of the permit conditions imposed by the Planning Commission. In the present case, the seven questions raised in the Statement of Questions are summarized as follows:

1. Whether Appellees' development violates the zoning bylaws, specifically §315.

2. Whether Appellees' are in violation by failing to obtain Planning Commission approval.

3. Whether Appellees' are in violation by failing to obtain a zoning permit.

4. Whether Appellees' are in violation by failing to maintain a 50-foot buffer.

5. Whether the Selectboard properly added members to the ZBA after the first hearing.

6. Whether those new members should have participated.

7. What fine or remedial action should be imposed if Appellees are in violation.

Although Appellants wish to argue in this appeal that Appellee-Applicants' lakeshore construction fails to comply with the permit condition quoted above, that question was not raised in the Statement of Questions, and is therefore not before this Court in this proceeding, even though it was within the scope of the Notice of Violation. On the other hand, in the March 1999 hearing, the Court disposed of all the issues raised by the Statement of Questions and resolved the appeal in favor of Appellees with regard to the April 1998 Notice of Violation. Therefore nothing remains of this appeal; it was disposed of

2

in the March 1999 hearing, and the Court was mistaken in November 1999 that any of the motions remained to be addressed.

Specifically, as of the March 1999 hearing, the Court had already ruled that Question 7 was not before the court, as this was an appeal from a Notice of Violation and no enforcement action had been brought by the Town. At the March 1999 hearing, the Court ruled that Questions 1 through 4 were not within the scope of the Notice of Violation, and therefore could not be raised in this appeal of the Notice of Violation. At the March 1999 hearing, the Court also ruled that the procedural Questions 5 and 6 could not be raised by themselves as there was no substantive question properly raised by the Statement of Questions.

We reiterate here, as we noted in the March 1999 ruling on the record, that the Court's rulings were made without prejudice to the zoning administrator's issuing any notices of violation with regard to this property in the future. (The March 1999 ruling was also made without prejudice to any actions that any person might wish to take to pursue their claim that the 1996 zoning regulations were improperly adopted.)

Done at Barre, Vermont, this 27th day of March, 2000.

_____
Merideth Wright
Environmental Judge